BANACKY v. PRUDENTIAL BANACKY v. PRUDENTIAL The record in this case is clear that Judith Banacky suffered from a total disability, an inability to engage in any work activity, beginning in April of 1998. And that under the policy provision, that disability beginning in April of 1998 is treated as the same disability that ended in July of 1997. The policy permits that there are three exclusions to the treated as one, and none of those three exclusions apply under the facts of this case. The best evidence that Prudential has that Ms. Banacky was not disabled is the opinion of Dr. Wallace. And Dr. Wallace described a very specific, detailed ability to engage in part-time and full-time work activity. And Ms. Banacky had that medical opinion reviewed by Sandra Schneider, a qualified vocational expert who looked at the definition of disability under this plan and said, given what Dr. Wallace has said in allowing for the reasonable degree of pain that Dr. Wallace's opinion clearly includes, Judith Banacky could not perform any, not only her past work, but no work for which she is fitted by education, training, and experience. It's important that the ---- submitted a long-term disability claim, right? And that was what was denied. That's correct. And under the terms of the policy, she was not eligible for coverage because she was no longer a full-time employee. That was the reason for denial. Right. Okay. What's wrong with that? You say it's all one claim. And she's working less than 30 hours a week. Prior to 1995, Judith Banacky worked full-time. She was a ---- I understand. And she had coverage. Right. And she took benefits under that coverage. Correct. And she went out on disability and continued to work to the most ---- to the extent that she possibly could, which was a part-time work activity, until she ---- So she had no coverage during that period because she didn't work 30 hours a week. Under the doctrine of contra preferentum, I think a reasonable reading of this policy is that if I go out while I'm on disability, if I go back and work part-time, that I have not forfeited everything that I have earned by paying premiums in the past, and that the insurance company under the ----  So you're saying that this is a partial employer paid premium, partial employee paid premium policy. Is anything being taken out of her check post-1999? I mean, under the second claimed loss? Between ---- When she was a part-time employee. Yes. Was she paying premiums? Yes, she was. And the employer was paying premiums on her behalf. And for no coverage. And when this ---- As the company says. When this claim was submitted, Prudential went back to the Bank of Commerce and said, you weren't supposed to be paying premiums, she wasn't working 30 hours a week, here's your money back. Oh, okay. And so it was nothing that Judith Banneke did or said that caused that ---- What her employer did. It's what Prudential did and the employer acquiesced. But that gets us back to the heart of the question, which is, is this disability treated as one period? The policy clearly provides an exclusion. If you get other coverage, then you don't get to take advantage of the treated as one provision. This is a ---- this is not the case. As Your Honor has pointed out, she didn't have any coverage. She didn't work full-time for more than six months. She worked part-time for more than six months. Prudential knew about it the reasonable construction of this policy, reading it as a reasonable person, under the Doctrine of Contra Proferendum, which this Court has repeatedly endorsed as appropriate in reading ERISA insurance policies, and especially appropriate in light of the Supreme Court's decision in Universus Ward, that reasonable reading of the policy that allows Judith Banneke to take advantage of that can treat it as one provision and to collapse April 1998 back to July 1997, when she was last paid for, but she was paid for in 1999. That provision should control and should result in payment of benefits. And the district court's failure to apply that provision in this case constitutes an error of law. If the Court has no further questions, I'll reserve the balance of my time or whatever small portion that I need. Thank you. Thank you, counsel. Good morning, Your Honors. May it please the Court, my name is Otis Wright, Wilson Elser, Moskowitz Settlement Decker. I am counsel for the appellee, Bank of Commerce Group, Long-Term Disability Plan and Prudential. I'm having trouble hearing you, sir. Could you speak a little slower? Yes, Your Honor. I'm not helping it, either. I'd like to get to the crux of the questions that have been posed by the Court thus far, and that is with respect to whether or not she was insured at the time that she made her second claim in 1999. Clearly, the question is no. The eligibility standards clearly provide that she must work at least 30 hours a week, and at no time after January of 1995 did she work 30 hours a week. With respect to the issue of whether or not the second claim relates back to the first claim, no, it does not. The two periods of disability must be separated by a period of at least up to six months. So not more than what? I'm sorry? What was the end of that sentence? A period of six months, at least up to six months where she was able to – she has recovered sufficiently where she is able to return to work for up to a period of six months on a full-time basis. You mean over 30 hours? Over 30 hours. Whatever is defined as full time. That never occurred. There is no relation back. And lastly, what needs to be kept in mind, and I know the Court has already heard a couple of your recent cases this morning, we have to remember that we're dealing with two different definitions over a period of time. During the first 24 months, is she or is she not able to perform the duties or substantial duties of her job? And then after 24 months, is she able to perform the substantial and material duties of any job whatsoever? Okay. Obviously, what happened after March of 1997, after she had been disabled for two years, and the question became, is she totally disabled from doing anything? And even her doctor, Dr. Smalley, indicated that she is capable of doing semi-sedentary work. The only individual who says that she can't do anything, including answering her phone, is the vocational rehabilitation expert. I think the district court simply found that not credible and not supported by the objective medical evidence. And unless the Court has questions or wishes me to direct my responses to a particular area, I'll submit. I have a question following up on this premium payment issue. Yes, Your Honor. So she was working part-time at the bank at the time, so 16 hours a week, you'd say, or? She was working half-time, and the bank was according her full benefits. And it was sometime three years later were, I believe it was the bank that initiated the inquiry that she's not eligible, if she is not eligible for long-term disability benefits under the plan, why have they continued to make premium payments? So they were refunded all of the premium payments, which totaled, I think, $400,000. But I cannot answer the question Judge Beezer, I believe, raised as to whether or not a portion of that was taken from her salary. I do not know. Okay. Well, if a portion were taken from her salary and she wasn't entitled to insurance at that time because she wasn't a full-time employee, wouldn't you have to refund that to her? That's right. That certainly would be the correct result. Okay. Just as the prudential returned the premiums to the bank, then the bank should return whatever was taken out of her check to her. Do you know if that occurred? I don't know that anything was ever taken out of her check, particularly when she was on a part-time basis. And I apologize. I just don't know.  Thank you, counsel. Thank you. Thank you. This is a recurring problem in the any occupation disability paradigm. The policy doesn't define total disability as the inability to do anything, anything at all, totally disabled, completely rendered, incapacitated. That's not what this policy provides. This policy provides that an individual is totally disabled after 24 months if they are unable to perform any occupation for which they are reasonably fitted by education, training or experience. And counsel has argued that this Court ought to just slice off the last clause, that you're unable to perform any occupation, period. That's not what this policy is about, and that's not what the California State law, that's not how California State law has long construed these policies. And in light of Unum v. Ward, this Court ought to adopt Aretha v. Great West and the other California cases that have put on a reasonableness test under the conduct of insurance companies in construing long-term disability policies. But, counsel, this case is different than some of the others we've heard this morning because in some of the other cases this morning, we've had a whole number of doctors opining as to total disability. And in this case, we really don't have that. We have doctors saying she can work three to four hours and find a job that she can do with her experience and abilities. And that's why it's so important in an occupational fitted by education, training or experience policy, it's prudent for counsel at the administrative level before the insurance company to submit an opinion from a qualified source of say, given this residual functional capacity, what could this person do in terms of work? Kennedy, you're trying to bring the social security or workman's comp standards back over to ERISA, right? No. It sounds like it to me. It sounds like it to me, too. I've already lost that case. So you're sneaking it in the back door. No, but the question is what does fitted mean? And if fitted means something, then we need to have someone tell us what she's fitted to do. Given the capacity that Dr. Smalley has identified, given the capacity that Dr. Wallace has described, given the pain that the various physicians have described, can she earn anything close to what she was earning? Can she engage and work for what she's fitted by education, training or experience? And the answer to that question is no. Thank you. All right. Thank you, counsel. Benacki v. Prudential is submitted. And the Court will adjourn this session of the proceedings. Thank you very much. Thank you. All rise. The Court of Discussions is adjourned.
judges: Beezer, Hall, Wardlaw